Olden v. Hubbard.

JOSEPH OLDEN

v.

ACHSAH HUBBARD et al.

1. A presumption of payment of a mortgage from lapse of time may be raised by a demurrer, and such a demurrer does not admit the allegations of a bill that both the principal and interest of the mortgage are now due and owing, because such allegations are rather conclusions than averments of facts.

2. Any existing circumstances which would repel such presumption must be averred in the bill.

Bill to foreclose.   On general demurrer.

*Mr. J. F. Hageman,* for demurrant.

*Mr. W. J. Gibby,* for complainant.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage originally for $400 and interest, given April 2d, 1855, by Jacob Hubbard and his wife to Joseph Olden, on land in Princeton. It states that the mortgagor died in 1857, and that by his will he gave the property to his wife during widowhood, and authorized his executor to sell it at her death or remarriage; that she is still living, and that nothing has been paid, either of principal or interest, on the mortgage, since May, 1857, when the interest was paid up to the 2d of April preceding, and $300 on account of the principal. It states, also, that there are due on the mortgage $100 of principal, besides interest on $400 from April 2d, 1857 to May 17th, in that year, and on $100 from that time. The defendant Achsah Hubbard demurs to the bill for want of equity. No payment has been made on the mortgage, as appears by the express allegation of the bill, for more than twenty-three years, and it does not appear that even any demand was made within

that time. No explanation or excuse is offered. Under the cir-
cumstances, a presumption of satisfaction tantamount to absolute
proof, arises. *Wanmaker* v. *Van Buskirk, Sax. 685, 693;
Barned* v. *Barned, 6 C. E. Gr. 245.* The presumption, however,
may be repelled by other circumstances. The question raised on
the demurrer is, whether the demurrant can avail herself of the
presumption as a defence on the demurrer. The complainant's
counsel insists that the rule that the demurrer admits all rele-
vant, well-pleaded facts in the bill is fatal to the demurrer ; be-
cause the bill states that nothing has been paid on the mortgage
since 1857, and there are both principal and interest due. It is,
however, from the fact that no payment has been made in twenty
years that the presumption springs, and the averment that prin-
cipal and interest are due is, in this case, to be regarded as a
conclusion, and not as a fact, and therefore not admitted by the
demurrer. *Redmond* v. *Dickerson, 1 Stock. 507, 516.* Under
the statements of the bill, there is nothing due. In *Wanmaker*
v. *Van Buskirk,* it is said that the presumption prevails, not be-
cause of any actual belief that the money has been paid, but be-
cause it is right that possession should be quieted. In *Maxwell*
v. *Kennedy, 8 How. 210,* the defence is held to be based, not only
on the presumption of payment, but also on the ground that the
complainant has been guilty of such laches that he is not enti-
tled to the aid of equity, although the debt may be still unpaid.
In the absence of sufficient explanation or excuse, the defendant
is entitled to the benefit of the presumption on demurrer. In
*Hovenden* v. *Annesley, 2 Sch. & Lef. 607, 638,* Lord Redesdale,
dealing with the question whether length of time could be taken
advantage of on demurrer, and dissenting from Lord Thurlow's
judgment in *Deloraine* v. *Browne, 3 Bro. C. C. 633,* says :

"If the case of the plaintiff, as stated in the bill, will not entitle him to a
decree, the judgment of the court may be required by demurrer, whether the
defendant ought to be compelled to answer the bill."

To the same effect is the language of Lord Eldon, in *Foster*
v. *Hodgson, 19 Ves. 180, 184.* It is now clearly the rule of the
court that the statute of limitations, or objections in analogy

thereto upon the ground of laches, may be taken advantage of by demurrer. *1 Dan. Ch. Pr. 560; Story's Eq. Pl.* §§ *484, 485; Marsh* v. *Oliver, 1 McCart. 259.* Where the suit is one which would be barred by presumption, but for explanations or excuses, the complainant is bound to state in his bill the facts or circumstances on which he relies to repel the presumption. The demurrer will be allowed, but leave will be given to amend.